UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GERALD HALEY,                          )
                                       )
                    Movant,            )
                                       )
        v.                             )    No. 4:09-CV-1122 (CEJ)
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )

## MEMORANDUM

This matter is before the Court upon the motion of Gerald Haley to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition to the motion.

### I. Background

After pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), Haley was sentenced to a term of imprisonment of 210 months, to be followed by a three-year term of supervised release. The court imposed special conditions of supervised release, one of which was the requirement that Haley participate in the home confinement program for three years. The judgment was affirmed on appeal. United States v. Haley, 284 Fed. Appx. 372 (8th Cir. 2008).

### II. Discussion

In the motion to vacate, Haley asserts that (1) he received an illegal sentence; (2) the sentence was inconsistent with the plea agreement; (3) the court erred with respect to his prior conviction for escape; (4) the government breached an oral agreement not to oppose a sentence at the low end of the guideline range; and (5) he was denied effective assistance of counsel.

With the exception of ground 5, all of the claims Haley asserts could have been presented on direct appeal, but were not.  A motion to vacate is not a substitute for a direct appeal.  See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)].  Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal.  Id.  In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal.  McCleskey v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)].  Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar.  Id. at 494.

Because Haley asserts that his attorney's failure to address the issues raised in grounds 1-4 constituted ineffective assistance of counsel, the Court will consider the merits of the grounds that would otherwise be subject to the procedural bar.  The court notes, however, that Haley makes no claim, let alone any showing, of actual innocence.

### Ground 1:  Illegal Sentence

The statutory maximum sentence of imprisonment for a violation of 18 U.S.C. § 2113(a) is 20 years.  Haley argues that the sentence he received of 210 months' imprisonment and 36 months of home detention amounts to a 246-month term of imprisonment, thus exceeding the statutory maximum by six months.  At the core of his argument is the premise that home confinement and imprisonment are the same.

Haley's premise is not supported by the law in the Eighth Circuit. In United States v. Iverson, 90 F.3d 1340 (8th Cir. 1996), the defendant challenged the district court's imposition of home confinement as a condition of probation. The court of appeals found no error, stating "the fact that home detention may be imposed 'only as *a substitute for* imprisonment'…" or " 'only as an alternative to incarceration' does not mean home detention is *a form* of imprisonment…" Id. at 1343 (quoting U.S.S.G. 5F1.2 and 18 U.S.C. § 3563(b)(19)). See also United States v. Stroupe, 200 Fed. Appx. 178, 181-82 (4th Cir. 2006) ("Congress generally views home confinement as a part of a sentence of…supervised release, not as imprisonment.") (quoting United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002)).

Because the home confinement condition of Haley's supervised release does not cause his sentence to exceed the statutory maximum, his sentence is not illegal. He is not entitled to relief on this claim.

### Ground 2:    Sentence Inconsistent with Plea Agreement

Haley next claims that his sentence should be vacated because it was inconsistent with the plea agreement. In the plea agreement, the parties recommended a base offense level of 20 based on U.S.S.G. § 2B3.1. After recommended adjustments based on specific offense characteristics and acceptance of responsibility, Haley's total offense level would have been 24. However, because he was a career offender, his offense level was 32. See U.S.S.G. § 4B1.1(b)(C).

The plea agreement specifically stated that the parties' recommendations were not binding on the court. Thus, Haley knew the court could reject the recommended guidelines. Also, the plea agreement specifically stated that "[p]rior convictions can

affect the sentence and usually result in a harsher sentence."  Thus, Haley knew that his prior convictions could adversely affect him.  Haley does not contend that he did not qualify as a career offender.  And, he cannot legitimately argue that the court was required to ignore the career offender guideline because it was not recommended in the plea agreement.

This claim is without merit.

### Ground 3:  Sentencing Error

Haley asserts that the sentence imposed was based on the court's mistaken belief that he was "on parole for a crime of violence at the time he committed" the bank robbery.  United States v. Gerald Haley, No. 4:06-CR-341, Transcript, p. 8 [Doc. # 64].  At the time of the offense, Haley was on parole for escape from custody, which involved his escaping from a county jail where he was being held on a robbery charge. Haley contends that   escape is a non-violent crime under Missouri law and that he would have received a more favorable sentence if the district court had known this.

When Haley was sentenced in 2007, the law in the Eighth Circuit was that all escape offenses were crimes of violence, regardless of the circumstances. See United States v. Stead, 162 Fed. Appx. 678, 680 (8th Cir. 2006)("Because we have determined categorically all escapes are crimes of violence, we need not look at the underlying facts of the conviction."); United States v. Nolan, 397 F.3d 665, 667 (8th Cir. 2005).  Even if Haley's escape were considered "non-violent" under state law, it would have still been considered a "crime of violence" under federal sentencing  law.

Further, Haley's prior convictions for bank robbery and murder were sufficient to trigger the career offender designation under § 4B1.1.  His contention that the court

4

would have sentenced him differently had it believed he was on parole for a non-violent offense is purely speculative.

Therefore, this claim is without merit.

### Ground 4: Breach of Oral Agreement

Haley alleges that the government breached an oral agreement to not oppose defense counsel's request for a sentence at the low end of the guideline range. Haley states that the oral agreement was an inducement for his guilty plea. The United States denies that any such agreement was made.

Plea agreements are contractual and should be interpreted under general contract principles. United States v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2007). The party asserting the breach of an oral argument has the burden of establishing the breach. United States v. Leach, 562 F.3d 930, 935 (8th Cir. 2009). When an alleged oral agreement is made prior to, or in conjunction with, a plea agreement, the promise cannot serve as an inducement to a guilty plea when the terms of the plea agreement supercede the claim. Id. (citing United States v. Norris, 20 Fed. Appx. 582, 583 (8th Cir. 2001)). Finally, "an integration clause 'standing alone,' is 'strong evidence that no implied promises existed--after all, integration clauses establish that the written plea bargain was adopted by the parties as a complete and exclusive statement of the terms of the agreement.'" Id. at 936 (quoting United States v. Ahn, 231 F.3d 26, 36 (D.C. Cir. 2000)).

The plea agreement between Haley and the United States contains an integration clause which states, "this document constitutes the entire agreement between the defendant and the government, and no other promises or inducements

5

have been made, directly, or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein." United States v. Gerald Haley, No. 4:06-CR-341, Plea Agreement, p. 10 [Doc. # 51]. This is strong evidence that there were no inducements to Haley's guilty plea other than those contained in the written plea agreement. Haley signed the agreement, acknowledging that he understood its terms. Haley has not met his burden of establishing the existence of an oral agreement or its breach.

### Ground 5: Ineffective Assistance of Counsel

Haley's final claim is that he was denied effective assistance of counsel because his attorney did not raise any of the claims he now argues in this § 2255 motion.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that movant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). The movant must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him the right to a fair trial. Id. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Haley cannot establish that he suffered any prejudice as a result of his attorney's failure to assert the claims set forth in the instant motion. As discussed above, none of Haley's claims have merit, and his attorney's failure to assert them does not fall below any objective standard of reasonableness. An attorney does not

6

render ineffective assistance by failing to pursue meritless claims. <u>Rodriguez v. United States</u>, 17 F.3d 225, 226 (8th Cir. 1994).

### III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that Haley is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in his motion. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Haley has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2012.